FILED
2005 Mar-08 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, ex rel. LATRESSA V. WILSON, et al., | ) ) ) |
| Plaintiff/Counter-Defendants, | ) ) |
| v. | ) CIVIL ACTION NO. 03-PWG-3308-S ) |
| KENNETH WILSON, | ) ) |
| Defendant/Counter-Plaintiff. | ) |

MEMORANDUM OF OPINION

On February 16, 2005, the magistrate judge's findings and recommendation was filed and entered. On March 2, 2005, Kenneth Wilson filed objections to the magistrate judge's findings and recommendation. After a *de novo* review, the objections are due to overruled.

The federal district court does not have subject matter jurisdiction over the support petition. Even though not specifically cited in the petition for support, *Alabama Code* 1975 §§ 38-10-7 and 38-10-10 (not Title IV-D of the Social Security Act) provided the jurisdictional basis for the petition for support. Mr. Wilson therefore cannot state a § 1983 cause of action against DHR or Judge Barclay based on the filing of the petition for support. While Mr. Wilson listed *"ex rel. Attorney Ms. Sweatt"* as a defendant in the style of his amended complaint for counter-claim (doc. #9), he did not list her as a party in the complaint itself nor did he make specific allegations against her; therefore, Ms. Sweatt is not a defendant in this action.

Mr. Wilson cannot state a § 1983 cause of action against DHR or Judge Barclay based on the January 8, 2004 default judgment and order to withhold income that occurred prior to defendants receiving notice of the removal. Judge Barclay is entitled to judicial immunity based on her judicial acts of entering a default judgment and withholding order. While Judge Barclay did in fact deny

Mr. Wilson's motion for relief from judgment after notice of removal, she did so after Mr. Wilson filed the motion in that court – in other words, at his apparent invitation.

The court agrees with the magistrate judge that Mr. Wilson is not the typical *pro se* litigant inasmuch as he has a license to practice law in Ohio. The court further agrees that judicial resources were wasted by Mr. Wilson's improper removal of the state petition for support and his frivolous counterclaims.[1]

A separate final judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

**DONE** this 8th day of March, 2005.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[1] That said, the magistrate judge's comments in fn. 8 are inappropriate. These comments are not relied upon in anyway nor is the adoption of the legal conclusions of the findings and recommendation to be considered as condoning or approving fn. 8.